IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **LYNNETTE WILLIAMS**,<br><br>    *Plaintiff*,<br><br>    v.<br><br>**NOBLE HOME HEALTH CARE, LLC,**<br><br>    *Defendant*. | Case No.<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff Lynnette Williams, through counsel, alleges as follows for her Complaint against Defendant Noble Home Health Care, LLC ("Noble"):

### Parties

1.  Plaintiff Lynnette Williams is a citizen of Lake County, Indiana. Williams is a former employee of Noble. She served as its office manager from Noble's founding in 2012 until her termination in December of 2019.

2.  Defendant Noble is an Indiana limited liability company and home health care service with its principal place of business located in Highland, Lake County, Indiana.

### Jurisdiction and Venue

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under ERISA, a federal law that provides for the federal court's exclusive jurisdiction over such claims, 29 U.S.C. § 1132(e).

4.  This Court is a proper venue for this matter pursuant to 28 U.S.C. § 1291, because Noble is headquartered in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

5.  This lawsuit arises from an altogether different dispute: an internal corporate battle by one of Noble's owners to oust its former president from the company and wrest control of Noble from her.  Shortly after Noble's President, Administrator, and Manager Yolanda Hicks was removed from those roles at Noble, Noble terminated Plaintiff Williams' employment on or about December 16, 2019.  Around the same time, Noble discontinued the medical and dental insurance it provided as part of her employment, effective December 31, 2019.

6.  After Yolanda Hicks was removed from management, Noble threatened to sue Yolanda Hicks' husband and brother, as well as Plaintiff Williams and a former office assistant, if Yolanda Hicks refused to walk away from her ownership interest in Noble.

7.  By letter dated February 20, 2020, Noble accused Plaintiff Williams of participating in "ghost payroll" schemes.  Noble claimed that Plaintiff "would have known" that former Noble employee Carlos Razo had not actually worked for Noble, and that Plaintiff entered time for former Noble employee James Trapp despite allegedly knowing that Trapp also did not perform any work for Noble.  Noble's letter threatened to sue Plaintiff if she "were to file a formal complaint with the Wage and Hour Division of the Indiana Department of Labor…."  The letter enclosed a draft complaint naming as defendants Noble's former President (and still Member at the time) Yolanda Hicks, Plaintiff Williams, James Trapp (Yolanda Hicks' husband who worked for Noble before his marriage), Marcy Ishmael (former office assistant), and Carlos Razo (Yolanda Hicks' brother).

8.  After Yolanda Hicks commenced an arbitration related to her minority interest in Noble, Noble and Ebie followed through on threats to sue those they perceived as close to Yolanda Hicks, including Plaintiff.  In September 2020, Defendants filed lawsuits in the Lake

County, Indiana Superior Court against Williams (Noble's former office manager and Plaintiff in this lawsuit), Carlos Razo (the brother of Yolanda Hicks), and Adriana Hicks (the daughter of Yolanda Hicks). *See* Case No. 45D01-2009-00922, *Noble Home Health Care, LLC & Marie Ebie v. Carlos Razo, Lynnette Williams, & Adriana Hicks* (Sup. Ct. of Lake Co., Ind.) (the "Lake County Action"); *see also* Case No. 45D01-2009-PL-000628 (dismissed action involving same parties).

9. Noble also opposed Williams' application for unemployment benefits through the Indiana Department of Workforce Development, claiming that it had just cause to terminate Williams. The Indiana Department of Workforce Development approved Williams' benefits, and on information and belief, rejected Noble's contention that it had just cause to terminate Williams.

10. To this day, Williams still grapples with the fact that Noble terminated her employment and sued her because she was perceived as close to Yolanda Hicks, Ebie's adversary in a business dispute. Noble's apparent goal was to intimidate Yolanda Hicks into submission. Failing that, Noble sought to maximize the collateral damage to Yolanda Hicks and those close to her, including Plaintiff.

### *Noble, a Health Care Business, Breaches COBRA Health Coverage Obligations Amidst the Pandemic*

11. Noble disregarded its obligations to offer continuation health and dental insurance coverage after terminating Plaintiff, as it was required to do under Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), as codified within the Employee Retirement Income Security Act and other statutes. *See* 29 U.S.C. § 1167(2).

12. As a Noble employee, Plaintiff received group medical and dental insurance coverage through plans administered by Noble (the "Health Plans"), and was a "covered

3

employee" within the meaning of COBRA. Upon termination, Plaintiff became a "qualified beneficiary" within the meaning of COBRA. *See* 29 U.S.C. § 1167(3)(B).

13. Noble's termination of each Plaintiff was a "qualifying event" within the meaning of COBRA. *See* 29 U.S.C. § 1163(2). Upon the occurrence of the qualifying event, Plaintiff was entitled to elect continuation coverage under the Health Plans. *See* 29 U.S.C. § 1161-1162. Although Noble is a health care business, and although the above-described dispute unfolded against the backdrop of the global COVID-19 pandemic, Noble failed to inform Plaintiff of her right to purchase continuation health and dental insurance coverage after terminating her employment.

14. COBRA required Noble, as administrator of the Health Plans, to timely provide Plaintiff with a notice of their rights to continuation coverage under COBRA. *See* 29 U.S.C. § 1166(a)(4); 29 CFR § 2590.606-4.

15. The American Rescue Plan Act of 2021 (the "ARP"), Pub. L. 117-2, 135 Stat. 4, enacted in response to the COVID-19 pandemic, modified certain provisions of COBRA.

16. Among other things, the ARP extended the period to elect COBRA continuation coverage and allowed former enrollees who had discontinued their COBRA continuation coverage to resume that coverage. Pub. 117-2 § 9501(a)(4), 135 Stat. 129-30.

17. The ARP also provided a subsidy for COBRA continuation coverage premiums, *see* Pub. 117-2 § 9501(a)(1), 135 Stat. 127-28, and required plan administrators to provide notices to qualified beneficiaries regarding the expanded COBRA coverage provisions, including (a) the premium subsidy, *see* Pub. 117-2 § 9501(a)(5), 135 Stat. 130-31, and (b) the expiration of the premium subsidy, *see* Pub. 117-2 § 9501(a)(6), 135 Stat. 131-32.

18. Noble breached its duty to provide COBRA notices to Plaintiff, both after her termination and upon the effective dates of the relevant ARP provisions. To date, Noble has failed to provide any COBRA notices to Plaintiff.

19. Noble breached its duty in bad faith, in that Noble's refusal to provide required COBRA notices occurred as part of the above-described retaliatory campaign by Noble against all of those perceived as close to Yolanda Hicks, including Plaintiff. As a result, Noble should be required to pay civil penalties as provided by law. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

20. Noble's breaches of its COBRA obligations have damaged Plaintiff. Among other things, Plaintiff had no medical or dental insurance for nearly a year and had to forego treatment due to her lack of insurance. Without the required notice, Plaintiff was unable to access subsidies for insurance coverage that were available during the COVID-19 pandemic, even though she may have been eligible to access such coverage had the COBRA-required notices been provided.

21. In accordance with 29 U.S.C. § 1132(h), Plaintiff will serve a copy of the filed complaint in this matter upon the Secretary of the Treasury and the Secretary of the Department of Labor. Plaintiff's claims are ripe for judicial review. Plaintiff prays for swift relief.

## COUNT I
### Violation of COBRA – 29 U.S.C. § 1132 (Continuation Coverage – Medical)

22. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

23. COBRA required Noble, as administrator of the Health Plans, to timely provide Plaintiff with a notice of her rights to continuation medical insurance coverage under COBRA.

*See* 29 U.S.C. § 1166(a)(4); 29 CFR § 2590.606-4.  Noble breached its duty to provide such notices to Plaintiff and, to date, has failed to provide such notices.

24.     Noble breached the foregoing duty in bad faith, in that Noble's refusal to provide required COBRA notices occurred as part of its above-described retaliation campaign against Plaintiff and other former employees of Noble.  As a result, Noble should be required to pay civil penalties as provided by law.  29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

25.     Noble's breaches of the foregoing duty, with regard to notices about post-termination COBRA continuation medical coverage, have damaged Plaintiff as set forth herein.

26.     As a result, Noble is liable to Plaintiff.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against Noble, and award Plaintiff monetary damages, statutory penalties, prejudgment interest, costs of suit, attorney's fees (including pursuant to 29 U.S.C. § 1132(g)), and all other relief that the Court may deem just and proper.

## COUNT II

### Violation of COBRA – 29 U.S.C. § 1132 and ARP § 9501 *et seq.*
### (Continuation Coverage – Medical, ARP Amendments)

27.     Plaintiff incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

28.     COBRA required Noble, as administrator of the Health Plans, to timely provide Plaintiff with a notice of her rights to continuation medical coverage under COBRA.  *See* 29 U.S.C. § 1166(a)(4); 29 CFR § 2590.606-4.

29.     The ARP modified COBRA, including by providing a subsidy for COBRA continuation coverage premiums, *see* Pub. 117-2 § 9501(a)(1), 135 Stat. 127-28, and requiring plan administrators to provide notices to qualified beneficiaries regarding the expanded COBRA

coverage provisions, including the premium subsidy, *see* Pub. 117-2 § 9501(a)(5), 135 Stat. 130-31, and the expiration of the premium subsidy, *see* Pub. 117-2 § 9501(a)(6), 135 Stat. 131-32.

30. Noble breached its duty to provide such notices to Plaintiff, and to date has failed to provide such notices.

31. Noble breached the foregoing duty in bad faith, in that Noble's refusal to provide required COBRA notices occurred as part of its above-described retaliation campaign against Plaintiff and other former employees of Noble. As a result, Noble should be required to pay civil penalties as provided by law. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

32. Noble's breaches of the foregoing duty, with regard to notices about post-termination COBRA continuation medical coverage as modified by the ARP, have damaged Plaintiff as set forth herein.

33. As a result, Noble is liable to Plaintiff.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against Noble, and award Plaintiff monetary damages, statutory penalties, prejudgment interest, costs of suit, attorney's fees (including pursuant to 29 U.S.C. § 1132(g)), and all other relief that the Court may deem just and proper.

## COUNT III
### Violation of COBRA - Violation of COBRA – 29 U.S.C. § 1132 (Dental)

34. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

35. COBRA required Noble, as administrator of the Health Plans, to timely provide Plaintiff with a notice of her rights to continuation dental insurance coverage under COBRA. *See* 29 U.S.C. § 1166(a)(4); 29 CFR § 2590.606-4. Noble breached its duty to provide such notices to Plaintiff, and, to date, has failed to provide such notices.

36. Noble breached the foregoing duty in bad faith, in that Noble's refusal to provide required COBRA notices occurred as part of its above-described retaliation campaign against Plaintiff and other former employees of Noble. As a result, Noble should be required to pay civil penalties as provided by law. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

37. Noble's breaches of the foregoing duty, with regard to notices about post-termination COBRA continuation dental coverage, have damaged Plaintiff as set forth herein.

38. As a result, Noble is liable to Plaintiff.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against Noble, and award Plaintiff monetary damages, statutory penalties, prejudgment interest, costs of suit, attorney's fees (including pursuant to 29 U.S.C. § 1132(g)), and all other relief that the Court may deem just and proper.

## COUNT IV
### Violation of COBRA – 29 U.S.C. § 1132 and ARP § 9501 *et seq.*
### (Dental – ARP Amendments)

39. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

40. COBRA required Noble, as administrator of the Health Plans, to timely provide Plaintiff with a notice of her rights to continuation dental coverage under COBRA. *See* 29 U.S.C. § 1166(a)(4); 29 CFR § 2590.606-4.

41. The ARP modified COBRA, including by providing a subsidy for COBRA continuation coverage premiums, *see* Pub. 117-2 § 9501(a)(1), 135 Stat. 127-28, and requiring plan administrators provide notices to qualified beneficiaries regarding the expanded COBRA coverage provisions, including the premium subsidy, *see* Pub. 117-2 § 9501(a)(5), 135 Stat. 130-31, and the expiration of the premium subsidy, *see* Pub. 117-2 § 9501(a)(6), 135 Stat. 131-32.

42. Noble breached its duty to provide such notices to Plaintiff, and, to date, has failed to provide such notices.

43. Noble breached the foregoing duty in bad faith, in that Noble's refusal to provide required COBRA notices occurred as part of its above-described retaliation campaign against Plaintiff and other former employees of Noble. As a result, Noble should be required to pay civil penalties as provided by law. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1.

44. Noble's breaches of the foregoing duty, with regard to notices about post-termination COBRA continuation dental coverage as modified by the ARP, have damaged Plaintiff as set forth herein.

45. As a result, Noble is liable to Plaintiff.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against Noble, and award Plaintiff monetary damages, statutory penalties, prejudgment interest, costs of suit, attorney's fees (including pursuant to 29 U.S.C. § 1132(g)), and all other relief that the Court may deem just and proper.

### Jury Demand

Pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the United States Constitution, Plaintiff demands trial by jury of all issues so triable.

Dated: December 8, 2023            By: */s/ Tomas M. Thompson*

Tomas M. Thompson (#37221-45)
**THOMPSON LEGAL LLC**
124 E. State St.
P.O. Box 500
Morocco, IN 47963

542 S. Dearborn, 10th Floor
Chicago, IL 60605
Tel.: (312) 965-8934
tom@thompsonlegal.org
*Attorney for Lynnette Williams*