UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LYNNETTE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:23CV439-PPS/JEM |
| | ) | |
| NOBLE HOME HEALTH CARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Lynette Williams worked as the office manager of Noble Home Health Care, LLC from its founding in 2012 until her termination in December 2019.  Williams has filed this lawsuit alleging that one of Noble's owners orchestrated the removal of minority-owner Yolanda Hicks, who was Noble's President, Administrator, and Manager, and that shortly afterward Williams' employment was terminated and her group medical and dental insurance discontinued because of her alliance with Hicks.  Williams claims that Noble accused her of knowingly participating in a "ghost payroll" scheme in which Hicks' husband and brother received pay from Noble despite performing no work for the business.  The complaint contends that in retaliation for Williams' perceived collusion with Hicks, Noble failed to offer Williams continuation of insurance coverage (known as colloquially as "COBRA") in violation of ERISA, the federal statute that governs employee health care plans.  29 U.S.C. §1132 *et seq.*

Noble seeks dismissal of Williams' complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556).  Noble does not challenge the substantive adequacy of Williams' COBRA claims, but instead argues that the complaint fails to meet these pleading standards.

As I was easily able to compose my one-paragraph summary of Williams' allegations and legal claims, I am far from persuaded that the complaint fails the pleading requirements of Rule 8(a).  The factual allegations concerning Williams' employment and termination provide an appropriate background for her legal claims that in multiple ways Noble violated ERISA's requirements for the offer of COBRA insurance.  Noble's "word count" challenge to particular paragraphs of the complaint as not being "short and plain" is unhelpful and unpersuasive.  I don't find the paragraphs Noble has singled out to be unduly bloated or otherwise remarkable.[1]  Williams'

---

[1] Ironically, Noble's motion repeats an entire paragraph setting out the standards applicable to a motion under Rule 12(b)(6).  *See* DE 6 at 1-2.

complaint passes the "two easy-to-clear hurdles" imposed by Rule 8(a)(2) in that the pleading provides sufficient detail to give Noble fair notice of her claims and the basis for them, and plausibly suggests that Williams has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008), quoting *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007).

Noble's motion criticizes Williams' complaint for overblown rhetoric that Noble describes as "conclusory, inflammatory, and accusatory." [DE 5 at 3.] I consider this to be throwing stones from a glass house, given that Noble's motion begins with the vociferous assertion that Williams' complaint "presents a fantastical tale of depravity and abject cruelty that might find a place in Hollywood, were it actually true." [*Id.* at 1.] The startling irony aside, I agree that a party's argument is never enhanced by unnecessary vehemence. At present, Noble appears to be the worse offender, using expressions such as "wildly offensive," "wild-eyed allegations," and "utter nonsense of the highest order." [*Id.* at 4, 5.] In any event, the "inflammatory" allegations Noble complains of are included in Williams' complaint in support of her assertion that Noble breached its COBRA duties in bad faith, so that civil penalties are appropriate. [DE 1 at ¶¶19, 24, 31, 36, 43.]

In sum, Lynnette Williams' complaint meets the pleading requirements of Fed.R.Civ.P. 8(a)(2), and Noble Home Health Care fails to demonstrate a basis for the complaint's dismissal under Rule 12(b)(6).

ACCORDINGLY:

Defendant Noble Home Health Care, LLC's motion to dismiss [DE 5] is DENIED.

SO ORDERED.

ENTERED:  March 20, 2024.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
